John R. Tenney, J.
The plaintiff has moved for judgment by Practice Commentary, Prof. David D. Siegel under CPLR 3031, under the New York simplified procedure for court determination of disputes. The motion for judgment is denied.
Plaintiff’s action was commenced unilaterally by the mailing of a statement to the alleged defendant containing the necessary items of the plaintiff’s claim signed by the plaintiff leaving space for the defendant to fill in his defense and his signature.
CPLR 3031 is a consensual procedure. It requires the consent of all parties and must be signed by them or their respective attorneys. It is in effect, a submission of a controversy to the court with the consent of the parties. There must be an express provision agreeing to comply with the provisions of the simplified procedure. (De Matteis & Sons v. Webco Heating & Ventilating Corp., N. Y. L. J., Sept. 13, 1963, p. 15, col. 2; see, also, Practice Commentary, Prof. David D. Siegel under CPLR 3031, McKinney’s Cons. Laws of N. Y, Book 7B; see, also, Matter of Jensen v. Jensen, 40 Misc 2d 641.) This consent may be incorporated in the contract pursuant to CPLR 3033.
Plaintiff contends that his authority is derived from CPLR 3033 and 3034 because his contract contains the proper consent. CPLR 3033 (subd. 1) permits the parties to use the simplified procedure and to enter judgment providing they have agreed by contract to use-the procedure as specifically set forth in CPLR 3031. However, CPLR 3034 provides that a party 1 ‘ aggrieved ’ ’ by the failure of another to perform under such a contract may *259 move for a settlement of the terms of the statement. It would seem that total compliance with CPLR 3034 would he a prerequisite to a motion for judgment. There is no indication here of a motion for settlement of the terms of the statement. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3034.01.) Furthermore, the matter of service of the notice of motion is left to the discretion of the court. Notwithstanding the fact that the defendant may have agreed to follow the simplified procedure, plaintiff at that point should make personal service upon the potential defendant to give the court jurisdiction.
Therefore, the motion for judgment is denied.